IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEFFEREY SCOTT RANDALL | § | |
| v. | § | CIVIL ACTION NO. 6:09cv306 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jefferey Randall, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Randall complains of the failure of the Texas Board of Pardons and Paroles to release him on discretionary mandatory supervision. He complains of seven such denials, of which five claims are successive and barred by the statute of limitations, and a sixth is also barred by limitations. The seventh one, a denial of release which occurred on November 13, 2008, was not procedurally barred, and so the Court addressed it on the merits.

Randall raised eleven challenges to this denial of release, including complaints that: no rehabilitative programs are provided by the prison and so his progress is not monitored and reported to the Board; no advance written notice is given of the factual basis for review, nor are an opportunity for rebuttal or a written statement of the evidence relied upon provided; the Board relies on "inaccurate and unprovable information;" no advance notice is given of intent to use new information, nor is a rebuttal opportunity provided; no specific reason for denial is provided, but only

1

a list of reasons of which "one or more" apply; there was no evidence to support any of those reasons in his case; the Board does not rely on the best available information, which is his behavior in confinement; Texas law does not allow administrative or judicial remedies to challenge the denial of release; the Board does not follow its own guidelines; the Board categorizes inmates into five groups and seeks to disqualify all persons convicted of sexual offenses from release; and the Board mechanically applies the same formula to all cases within a category.

The Magistrate Judge ordered the Respondent to answer the petition, and Randall filed a response to the answer. After review of the pleadings, the Magistrate Judge issued a Report on April 13, 2010, recommending that the application for habeas corpus relief be dismissed with prejudice, and that Randall be denied a certificate of appealability *sua sponte*. Randall filed objections to the Report on May 5, 2010.

In his objections, Randall largely restates the allegations of his petition, and does not challenge the Magistrate Judge's conclusion that six of the seven denials of release are procedurally barred as successive or by limitations. Regarding the merits of his claims, Randall says that he has a liberty in release on discretionary mandatory supervision and that the Board has acted in an arbitrary manner by denying him release. He says that the 17 years of good time which he has earned shows that he has "actively engaged available rehabilitative programs" and that the Board failed to give him notice of the intent to use "new information" against him. In addition, he says that he did not have an opportunity to rebut the information used by the Board or to present defensive evidence. As a result, Randall argues that he did not receive the process which he was due. He adds that he was not provided any explanation for the denial of release or told how he fell short of expectations, and that there should be a presumption of release which was not followed. Apparently because of this presumption, Randall says that the Board of Pardons and Paroles has a duty to "clearly set forth, through the introduction of admissible evidence, reasons for its actions which, if believed by the trier of fact, would support a finding that Reason 9D1, Reason 9D2, and Reason(s) 2D were the true cause of the Board action."

All of Randall's assertions were thoroughly discussed in the Report of the Magistrate Judge, and Randall fails to show that the Magistrate Judge's recommended conclusions were incorrect. His conclusory assertion that he has "raised genuine, unresolved questions of law and fact regarding the constitutionality of the Board's procedures which preclude dismissal" is insufficient to show that the Report of the Magistrate Judge is in error. Randall's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause and the Report of the Magistrate Judge. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jefferey Randall is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 10th day of May, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**